# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TANYA ZACHARY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 02-CV-496-TCK-FHM |
| ) | Judge Kern |
| ) | |
| RESCARE OKLAHOMA, INC., a ) | |
| Delaware corporation, and RESCARE, INC., ) | |
| a Kentucky corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT RESCARE, INC.'S MOTION FOR
## SUMMARY JUDGMENT AND BRIEF IN SUPPORT[1]

### Introduction

At no time has defendant ResCare Oklahoma, Inc. ("ResCare Oklahoma") ever denied that it is the employer of the plaintiffs for purposes of their claims for overtime compensation under the Fair Labor Standards Act ("FLSA"). However, defendant ResCare, Inc. ("ResCare") and ResCare Oklahoma are separate and distinct entities. Essentially, ResCare Oklahoma pays a management fee to ResCare in order to secure certain isolated business services and support. However, the lion's share of ResCare Oklahoma's daily business, and more importantly, control of its employees, is exercised by ResCare Oklahoma, and *not* ResCare.

For this reason, and in conjunction with the undisputed facts recited below, as a matter of law ResCare should be adjudged to have never been the employer of the plaintiffs for purposes

---

[1] This summary judgment brief is submitted solely on behalf of defendant ResCare, Inc. Therefore, it is presented to the Court separately from the brief in support of summary judgment filed by both defendants on other legal issues which is also being filed today. The separate briefs are being used only to facilitate the ease of the Court's consideration of the issues presented in the two briefs.

of their claims for overtime compensation under the FLSA.[2] Therefore, ResCare respectfully requests that the Court enter summary judgment in its favor on all of the plaintiffs' claims.

**Statement of Undisputed Material Facts**

1. ResCare Oklahoma and ResCare entered into an administrative services agreement on or about July 26, 1995. *See* Exhibit 1, Administrative Services Agreement.

2. Under the terms of the administrative services agreement, ResCare Oklahoma retains the sole and exclusive right to supervise, manage and operate the Oklahoma locations where plaintiffs worked. *See* Exhibit 1, Article I, ¶ 1.

3. Under the agreement, ResCare Oklahoma's responsibilities include supervising and directing the management and operation of the facilities, making all policy decisions relating to the facilities and determining all operating policies affecting the appearance, maintenance, standards of operation, quality of service and any other matter affecting the facilities or their operations. *See* Exhibit 1, Article I, ¶ 2.

4. Under the agreement, ResCare Oklahoma is responsible for selecting and employing all personnel at its facilities, including the administrator and all other management personnel. *See* Exhibit 1, Article IV, ¶ 1.

5. Under the agreement, ResCare Oklahoma is responsible for the formulation and implementation of all rules, regulations, policies and procedures of the facilities. *See* Exhibit 1, Article IV, ¶ 1.

---

[2] In a previous summary judgment motion to the Court, defendants indicated that "For purposes of this motion and response, the Court may treat ResCare Oklahoma, Inc., and ResCare Inc. as the employers of the plaintiffs. However, in making this motion and response, ResCare, Inc., maintains and does not waive its argument that it was not and is not the plaintiffs' employer." *See* Dkt. 110.

6. Under the agreement, ResCare Oklahoma is responsible for paying all costs and expenses of maintaining, operating and supervising the operations of its facilities. *See* Exhibit 1, Article IV, ¶ 3.

7. Under the agreement, ResCare Oklahoma pays a monthly fee to ResCare for the management and administrative services provided by ResCare. *See* Exhibit 1, Article V, ¶ 1.

8. Under the agreement, either ResCare or ResCare Oklahoma can terminate the contract, without cause, with 60 days notice to the other party. *See* Exhibit 1, Article VI(2).

9. Tamara Schaeffer is the regional director assigned by ResCare to the central region which includes ResCare Oklahoma. *See* Exhibit 2, March 3, 2003, Deposition of Tamara Schaeffer, 20:17 – 24. Ms. Schaeffer is an employee of and receives her salary from ResCare. *See* Exhibit 2, March 3, 2003, Deposition of Tamara Schaeffer, 5:14 – 20.

10. Ms. Schaeffer does not make any determinations regarding the method of care provided by ResCare Oklahoma employees to its consumers. At most, Ms. Schaeffer provides training and support. *See* Exhibit 2, March 3, 2003, Deposition of Tamara Schaeffer, 55:13 – 56:1.

11. ResCare does not set a formula for ResCare Oklahoma concerning how much revenue ResCare Oklahoma is supposed to generate from its customers. *See* Exhibit 2, March 3, 2003, Deposition of Tamara Schaeffer, 105:15 – 19.

12. The license to operate and provide services to persons with disabilities in residential homes in Oklahoma is in the name of ResCare Oklahoma. *See* Exhibit 2, March 3, 2003, Deposition of Tamara Schaeffer, 141:8 - 20.

13. ResCare Oklahoma has a fleet of vehicles used for its operations, and these vehicles are paid for by ResCare Oklahoma, and not ResCare. *See* Exhibit 3, Deposition of Patrick Glenn Kelley, 45:13 – 20.

14. ResCare's workplace is located in Louisville, Kentucky, while ResCare Oklahoma's workplace is located in Oklahoma. *See* Exhibit 1, Article VIII(1).

## Summary Judgment Standard

Summary judgment is not a "disfavored procedural shortcut"; rather it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex v. Catrett*, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1); *Burnette v. Dow Chem. Co.*, 849 F.2d 1269, 1273 (10th Cir. 1988). Summary judgment is appropriate if there is no genuine issue of material fact. *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1531 (10th Cir. 1995); *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir. 1990). A genuine issue of material fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *accord Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1314 (10th Cir. 1999). Summary judgment may be appropriate even when motivation and intent are at issue. *Schwenke v. Skaggs Alpha Beta, Inc.*, 858 F.2d 627, 628 (10th Cir. 1988). The Court of Appeals for the Tenth Circuit has stated:

> Although courts are generally cautious about granting summary judgment when motivation and intent are at issue, as in Title VII and ADEA cases, such relief may nonetheless be appropriate. One purpose of the [*McDonnell Douglas*] allocation of burdens in Title VII and ADEA actions is to enable the district courts to identify meritless suits and dispense with them short of trial.

*Id.* (quoting *Foster v. Arcata Assocs., Inc.*, 772 F.2d 1453, 1459 (9th Cir. 1985)). In order to satisfy its burden as the movant, defendants need only point out that there is an absence of evidence to support an essential element of the plaintiff's case. *Id.* at 325.

In response, the plaintiffs "may not rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322. The plaintiffs cannot survive a summary judgment motion simply by casting "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A mere scintilla of evidence is not enough; the evidence in support of each of the plaintiffs' elements must be significantly probative and substantial. *Anderson*, 477 U.S. at 249-250, 252. The plaintiffs' failure to make a sufficient showing on an essential element of their case tenders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ARGUMENT AND AUTHORITY

I.  **SUMMARY JUDGMENT SHOULD BE GRANTED ON PLAINTIFFS' CLAIMS AGAINST RESCARE, INC. BECAUSE PURSUANT TO THE FLSA, IT IS NOT A "JOINT EMPLOYER" WITH RESCARE OKLAHOMA, INC.**

   1.  **The Issue of "Joint Employment" Under the FLSA is a Question of Law.**

Whether an entity is a "joint employer" under the FLSA is a question of law. *Torres-Lopez v. May et al*, 111 F.3d 633, 638 (9th Cir. 1997); *Wirtz v. Barnes Grocer Co.*, 398 F.2d 718, 722 (8th Cir. 1968); *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1207 (7th Cir. 1985). The question of ResCare's involvement in the case as an employer of plaintiffs is therefore ripe for the Court's determination.

## 2. The "Joint Employment" Standard under the FLSA Regulations.

Pursuant to the FLSA, "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d). Regulations promulgated under the FLSA recognize that an employee may have more than one employer under the FLSA. 29 C.F.R. § 791.2(a). Specifically, regulations issued by the wage and hour administrator indicate that the following analysis should be considered when determining whether a joint employment relationship exists:

> "(a) A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938, since there is nothing in the act which prevents an individual employed by one employer. A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case. If all the relevant facts establish that two or more employers are acting entirely independently of each other and are completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under the Act. On the other hand, if the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the act. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. In discharging the joint obligation each employer may, of course, take credit toward minimum wage and overtime requirements for all payments made to the employee by the other joint employer or employers."

29 C.F.R. § 791.2(a).

According to the regulations, examples of situations in which joint employment will generally be considered to exist include:

> "(1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or (3) Where the employers are not

completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control within the other employer."

29 C.F.R. § 791.2(b). However, a determination of whether the employment by the employers is to be considered joint employment for purposes of the act depends upon all the facts in the particular case. 29 C.F.R. § 791.2(a).

### 3. The "Economic Reality" Test.

While it is true that the definition of "employer" under the FLSA has been given an expansive definition by courts, the question of "joint employment" has developed its own standard. To determine if "joint employment" for purposes of the FLSA exists, courts have applied an "economic reality" test. *Bonnette v. California Health & Welfare Agency*, 704 F.22d 1465, 1470 (9th Cir. 1983). "A court should consider all those factors which are relevant in evaluating the 'economic reality' of an alleged joint employment relationship under the FLSA." *Id.*

This test "requires a full inquiry into the true economic reality of the employment relationship based on a particularized inquiry into the facts of each case." *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1008 (2nd Cir. 1991). "Any relevant evidence may be considered, and mechanical application of the test is to be avoided." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2nd Cir. 1988).

"It is well settled that the goal of the analysis is to determine whether the employees in question are economically dependent upon the putative employer. Indeed, the very definition of 'employees' in this context is 'those who as a matter of economic reality are dependent upon the business to which they render service.'" *Lopez v. Silverman d/b/a Renaissance Sportswear, Ltd.*, 14 F.Supp.2d 405, 414 (S.D.N.Y. 1998) quoting *Bartels v. Birmingham*, 332 U.S. 126, 130

7

(1947). Economic dependence is more than just another factor. *Lopez*, 14 F.Supp.2d at 414. It is instead the focus of all other considerations. *Id.*; *See Castillo v. Givens*, 704 F.2d 181, 190 (5th Cir. 1983) ("[t]he touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is dependency.").

Courts have differed on the precise nature of the factors that should be weighed when using the "economic reality" test. For example, the court in *Barfield v. New York City Health and Hospitals Corp.*, 432 F.Supp.2d 390, 392-393 (S.D.N.Y. 2006) stated that the following factors are the most relevant to and indicative of a joint employment relationship: "(1) whether [defendants'] premises and equipment were used for the plaintiffs' work; (2) whether the [defendant] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [defendants'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [defendants] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for the [defendants]." *See also Lopez*, 14 F.Supp.2d at 419-420 (listing seven very similar factors for its "economic reality test").

According to the Tenth Circuit, the "focal point is whether the individual is economically dependent on the business to which he renders service.... or is, as a matter of economic fact, in business for himself." *Johnson v. The Unified Government of Wyandotte County*, 371 F.3d 723, 729 (10th Cir. 2004) (upholding determination that joint employment did not exist in the case because, among other things, defendant had very little control or supervision over the plaintiffs). The Tenth Circuit considers five factors when making this determination: (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit

or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; and (5) the degree of skill required to perform the work. *Id.* An additional commonly considered factor is the extent to which the work is an integral part of the alleged employer's business. *Id.*; *Dole v. Snell,* 875 F.2d 802, 805 (10th Cir. 1989); *Doty v. Elias*, 733 F.2d 720, 723 (10th Cir. 1984).

### 4. An Application of the Above Factors to the Instant Case Demonstrates that ResCare is Not a "Joint Employer."

The undisputed facts lead to the conclusion that ResCare is not the plaintiff's employer, regardless of which permutation of the above factors the Court chooses to utilize. For example, the Tenth Circuit inquires about the degree of control exerted by the employer over the employees. Here, it is undisputed that at all times ResCare Oklahoma retained the sole and exclusive right to supervise, manage and operate the Oklahoma locations where plaintiffs worked. Facts 1 & 2. Moreover, ResCare Oklahoma's responsibilities include supervising and directing the management and operation of the facilities, making all policy decisions relating to the facilities and determining all operating policies affecting the appearance, maintenance, standards of operation, quality of service and any other matter affecting the facilities or their operations. Fact 3.

Additionally, ResCare Oklahoma is responsible for selecting and employing all personnel at its facilities, including the administrator and all other management personnel. Fact 4. And, ResCare Oklahoma is responsible for the formulation and implementation of all rules, regulations, policies and procedures of the facilities. Fact 5. Finally, ResCare Oklahoma is responsible for paying all costs and expenses of maintaining, operating and supervising the operations of its facilities. Fact 6.

Under the explicit terms of the contract between ResCare and ResCare Oklahoma, ResCare does not have this level of control over ResCare Oklahoma's employees. Facts 1 – 6. Plaintiffs will argue that ResCare employs a regional director who oversees ResCare Oklahoma's employees, and therefore ResCare does exert control over these workers. However, it is undisputed that this regional director is solely an employee of ResCare. Fact 9. More importantly, this regional director does not make any determinations regarding the method of care provided by ResCare Oklahoma employees to their consumers. Fact 10.

In short, ResCare does not exert control over ResCare Oklahoma's employees. Rather, ResCare Oklahoma is invested with the power to hire, fire, manage, supervise, discipline and engage in all other traditional employer functions regarding its employees. Facts 1 – 10.

The Tenth Circuit also examines the permanence of the working relationship. It is undisputed that the relationship between the defendants can be terminated by ResCare Oklahoma at any time and without cause. Fact 8. Thus, the relationship between the plaintiffs and ResCare rests on the slender reed of a month to month management agreement between the defendants. Facts 7 & 8. This is hardly the type of "permanence" the Tenth Circuit was looking for in a true employer/employee relationship.

Other factors used by the courts likewise point to a finding that ResCare is not a "joint employer." For example, the plaintiffs did not use ResCare's premises or equipment for their work, instead using the premises and equipment of ResCare Oklahoma. Fact 14. Additionally, the defendants' businesses do not shift as a unit from one defendant to the other, because under the terms of the agreement signed between the parties, the parties are separate and distinct, and ResCare's duties involve management, and not control of the employees. Facts 1 – 10.

Finally, the Court may also consider any other factors it deems relevant to its assessment of the economic realities. *Zheng v. Liberty Apparel Co.*, 355 F.3d 61. 71-72 (2nd Cir. 2003). Additional facts that the Court should take into consideration include that fact that ResCare does not set a formula for ResCare Oklahoma concerning how much revenue ResCare Oklahoma is supposed to generate from its customers. Fact 11. Also, the license to operate and provide services to persons with disabilities in residential homes in Oklahoma is in the name of ResCare Oklahoma. Fact 12. Moreover, ResCare Oklahoma has a fleet of vehicles used for its operations, and these vehicles are paid for by ResCare Oklahoma, and not ResCare. Fact 13.

The cumulative effect of ResCare's undisputed facts is that the issue of "joint employment" has come into focus. ResCare Oklahoma is the employer of the plaintiffs. And, ResCare Oklahoma stands ready to defend itself at trial on plaintiffs' allegations of unpaid overtime compensation. But, using the legal standards recited in this brief, ResCare is not a "joint employer" of the plaintiffs. Therefore, the plaintiffs' claims against ResCare should be disposed of on summary judgment.

## CONCLUSION

For all of the foregoing reasons, ResCare, Inc. respectfully requests that the Court grant summary judgment in its favor and dismiss it from the instant litigation.

/s/Adam W. Childers
MADALENE A.B. WITTERHOLT, OBA #10528
ADAM W. CHILDERS, OBA # 18673
AMANDA L. MAXFIELD OBA #19876

– Of the Firm –

CROWE & DUNLEVY
500 Kennedy Building
321 South Boston Avenue

Tulsa, OK  74103
Telephone: (918) 592-9800
Facsimile: (918) 592-9801
witterhm@crowedunlevy.com
adam.childers@crowedunlevy.com
maxfiela@crowedunlevy.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2006, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Terry A. Hall
ARMSTRONG & LOWE, P.C.
1401 South Cheyenne
Tulsa, OK  74119
thall@armstronglowe.com

/s/Adam W. Childers
ADAM W. CHILDERS