IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TANYA ZACHARY, et al.,                )<br>                                                             )<br>        Plaintiffs,                             )<br>                                                             )<br>vs.                                                     )<br>                                                             )<br>                                                             )<br>RESCARE OKLAHOMA, INC., a        )<br>Delaware corporation, and RESCARE, INC., )<br>a Kentucky corporation,                     )<br>                                                             )<br>        Defendants.                          )<br>                                                             ) | Case No. 02-CV-496-TCK-FHM<br>Judge Kern |

### RESCARE INC'S REPLY BRIEF IN SUPPORT OF ITS
### <u>MOTION FOR SUMMARY JUDGMENT</u>

MADALENE A.B. WITTERHOLT, OBA #10528
ADAM W. CHILDERS, OBA # 18673
AMANDA L. MAXFIELD OBA #19876

– Of the Firm –

CROWE & DUNLEVY
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK  74103
Telephone: (918) 592-9800
Facsimile: (918) 592-9801
witterhm@crowedunlevy.com
adam.childers@crowedunlevy.com
maxfiela@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS

DATE: November 2, 2006

**INTRODUCTION**

It is undisputed that the Administrative Services Agreement that controls the relationship between ResCare, Inc. ("ResCare") and ResCare Oklahoma, Inc. ("ResCare Oklahoma") clearly spells out the separate and distinct business relationship that exists between these two defendants. Plaintiffs' response to ResCare's motion for summary judgment attempts to cast doubt on the nature of this relationship by focusing on a series of facts that, while generally true, do not change the overall "economic reality" that exists between ResCare and ResCare Oklahoma. Therefore, ResCare respectfully requests that the Court enter summary judgment in its favor on all of the plaintiffs' claims.

**I. SUMMARY JUDGMENT SHOULD BE GRANTED TO RESCARE INC. BECAUSE PLAINTIFFS' ALLEGATIONS DO NOT CONTRAVENE RESCARE'S UNDIPSUTED FACTS.**

Plaintiffs raise 33 different allegations which they contend are disputed facts which preclude the entry of summary judgment in ResCare's favor. These allegations do not overcome ResCare's summary judgment motion for the following reasons.

Initially, ResCare does not dispute plaintiffs' facts 1 and 8. However, these allegations are simply background information that is wholly immaterial to the legal question at hand – whether ResCare was a "joint employer" under the FLSA with ResCare Oklahoma.

Plaintiffs' facts 2 –7 use ResCare's corporate filings ostensibly to highlight the size and success of ResCare in the business of providing training education and support to the nation's special needs population. However, the business performance of ResCare is not the subject at hand. Rather, ResCare's relationship to ResCare Oklahoma is at issue, and these facts are therefore immaterial to the Court's summary judgment analysis.

Plaintiffs' facts 9 – 12 all rely on testimony from litigation involving ResCare and ResCare Kansas in an effort to shoehorn this testimony into the instant case. The

interrelationship between ResCare and ResCare Kansas is not before the Court. Plaintiffs may not rely on the mechanics of a separate business relationship in order to prove facts at issue in the principal case. These allegations are therefore immaterial.

Plaintiffs' facts 13 and 14 allege ResCare and ResCare Oklahoma have cross-pledged assets in order to obtain credit necessary for the operations of the defendants. However, this is merely one factor to be analyzed under the "economic reality" test. The cross-pledging of assets does not obviate the following facts:

- ResCare Oklahoma retains the sole and exclusive right to supervise, manage and operate the Oklahoma locations where plaintiffs worked;

- ResCare Oklahoma's responsibilities include supervising and directing the management and operation of the facilities, making all policy decisions relating to the facilities and determining all operating policies affecting the appearance, maintenance, standards of operation, quality of service and any other matter affecting the facilities or their operations;

- ResCare Oklahoma is responsible for selecting and employing all personnel at its facilities, including the administrator and all other management personnel;

- ResCare Oklahoma is responsible for the formulation and implementation of all rules, regulations, policies and procedures of the facilities;

- ResCare Oklahoma is responsible for paying all costs and expenses of maintaining, operating and supervising the operations of its facilities; and

- Either ResCare or ResCare Oklahoma can terminate the contract that binds the parties, without cause, with 60 days notice to the other party.

MSJ Facts 2 – 6 and 8. Under the "economic reality" test, the above facts militate against any inference of "joint employment" as the result of the cross-pledging of assets by defendants.

Facts 15 and 16 alleged by plaintiffs point out that certain documents were signed by a representative of ResCare, and in the case of the registration statement, were signed on behalf of ResCare Oklahoma by a representative of ResCare. Again, the signatories on these documents do not change the reality of the day to day interaction between the defendants. MSJ Facts 1 – 14.

3

Similarly, plaintiffs' fact 22 (addressing the situs of the defendants' principal place of business and the identities of corporate officers and directors) does not change the undisputed facts outlined by ResCare which underscore the fact that ResCare Oklahoma and ResCare are not "joint employers." MSJ Facts 1 – 14.

Plaintiffs' facts 17 – 20, 25 and 27 – 32 are focused on the training and support provided by ResCare to ResCare Oklahoma employees. This minimal interaction is consistent with the Administrative Services Agreement between the parties which calls for ResCare Oklahoma to pay a monthly fee to ResCare for these types of administrative services (such as the many human resources services cited by plaintiffs). MSJ Facts 1 and 7. However, this minimal interaction does not elevate ResCare to the status of a "joint employer."

Plaintiffs' fact 21 attempts to blur the distinction between ResCare and ResCare Oklahoma by alleging that ResCare Oklahoma is dependent upon ResCare for cash infusion in order to sustain day to day operations. However, the temporary financial assistance provided by ResCare (and reimbursed back to it by ResCare Oklahoma) does not transform it into a "joint employer." The practical results of such a rule would be absurd. Financial institutions frequently provide short term loans to businesses in order to support day to day operations (such as payroll). By providing such a loan, a bank does not become the employees' "joint employer." Likewise, ResCare's reimbursable support to ResCare Oklahoma does not alter the "economic reality" outlined in ResCare's motion for summary judgment.

In plaintiffs' fact 23, they argue that ResCare's regional director controls ResCare Oklahoma's director, which in turn provides ResCare with control over all of ResCare Oklahoma's employees. This argument flies in the face of the undisputed facts. Specifically, Tamara Schaeffer, ResCare's regional director assigned to the region which includes ResCare

4

Oklahoma, does not make any determinations regarding the method of care provided by ResCare Oklahoma employees to its consumers. MSJ Fact 10. At most, Ms. Schaeffer provides training and support. MSJ Fact 10. Thus, the "direct control" allegedly exerted by Ms. Schaeffer does not translate into any tangible differences in the administration of services provided by ResCare Oklahoma.

Plaintiffs' fact 26 points out that ResCare maintains a regional budget, and as part of this process it has a target profit margin for ResCare Oklahoma. Noticeably absent from this contention, though, is the undisputed fact that ResCare does not set a formula for ResCare Oklahoma concerning how much revenue ResCare Oklahoma is supposed to generate from its customers. MSJ Fact 11. In other words, while ResCare may forecast a budget based in part on profit projections for ResCare Oklahoma, the manner in which ResCare Oklahoma meets these goals is within its discretion. MSJ Fact 11.

Finally, plaintiffs' fact 33 is immaterial. The length of service credit extended to ResCare Oklahoma employees at other ResCare entities is not dispositive on the issue of "joint employment" of the plaintiffs. At most, it represents only a professional courtesy extended between the defendants.

## II. SUMMARY JUDGMENT SHOULD BE IMPOSED BECAUSE UNDER THE "ECONOMIC REALITY TEST," RESCARE IS NOT A "JOINT EMPLOYER" UNDER THE FLSA.

Plaintiffs have made a series of allegations that have been effective in showing that ResCare is a successful and large company that provides training and support to ResCare Oklahoma as part of an administrative services agreement. However, the plaintiffs have not proved joint employment under the "economic reality" standard.

The core of the day to day operations of ResCare Oklahoma indisputably rests with ResCare Oklahoma and not ResCare. MSJ Facts 1 – 14. ResCare Oklahoma is invested with the power to hire, fire, manage, supervise, discipline and engage in all other traditional employer functions regarding its employees. MSJ Facts 1 – 10. In short, ResCare Oklahoma occupied every facet of the traditional role of the employer of plaintiffs, while ResCare played the role of consultant and banker. As a matter of law, ResCare's background support of ResCare Oklahoma in its day to day endeavors does not saddle it with the title of "joint employer."

## CONCLUSION

For the foregoing reasons, and the reasons in ResCare, Inc.'s original brief in support of its motion for summary judgment, ResCare Inc. respectfully requests that the Court enter summary judgment in its favor on plaintiffs' claims.

/s/Adam W. Childers
MADALENE A.B. WITTERHOLT, OBA #10528
ADAM W. CHILDERS, OBA # 18673
AMANDA L. MAXFIELD OBA #19876

– Of the Firm –

CROWE & DUNLEVY
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK  74103
Telephone: (918) 592-9800
Facsimile: (918) 592-9801
witterhm@crowedunlevy.com
adam.childers@crowedunlevy.com
maxfiela@crowedunlevy.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 2, 2006, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Terry A. Hall
ARMSTRONG & LOWE, P.C.
1401 South Cheyenne
Tulsa, OK  74119
thall@armstronglowe.com

             /s/Adam W. Childers
             ADAM W. CHILDERS

7

1612590.01